UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEX S. MacLEAN,<br><br>                          Plaintiff,<br><br>v.<br><br>GREAT BOWERY, INC. doing business as<br>     TRUNK ARCHIVE,<br><br>WEDNESDAY AGENCY GROUP LIMITED<br><br>and<br><br>GAP, INC.<br><br>                          Defendants. | Civil Action |

**COMPLAINT**
**AND CLAIM FOR TRIAL BY JURY**

**Parties and Jurisdiction**

    1.     Plaintiff, Alex S. MacLean ("MacLean") is a professional photographer having a usual place of business at 15 Bedford Road, Lincoln, Middlesex County, Commonwealth of Massachusetts 01773.  MacLean is an experienced and accomplished photographer who is well-known for his aerial photographs.  MacLean is the author or co-author of five (5) books of aerial photography and his images have been published worldwide for advertising, editorial and fine art purposes.

2. Defendant, Great Bowery, Inc., is a Delaware corporation duly organized by law, having a principal place of business at 466 Broome Street, 4th Floor, New York, New York, 10013. At all times material hereto, Trunk Archive has been a division or a part of Great Bowery, Inc. and has offices at 190 Bowery, New York, New York 10012. Since all dealings that are the subject of this action have been with the Trunk Archive division of Great Bowery, Inc., Great Bowery, Inc. will hereafter be referred to under its assumed name, "Trunk."

3. Trunk represents approximately nine hundred (900) photographers and it has access to hundreds of thousands of images covering fashion, celebrity, beauty, lifestyle, still life, design, architecture and travel. Trunk is in the business of licensing photographs to its clients, which were taken by various commercial and fine art photographers for use in the entertainment, publishing and fashion industries. Trunk conducts business on an international basis including within the Commonwealth of Massachusetts.

4. Defendant, Wednesday Agency Group Limited ("Wednesday") is private limited company duly organized by law having principal offices in the United States located at 245 Fifth Avenue, Floor 25, New York, New York 10016. At all times material hereto, Wednesday was an advertising and marketing agency supplying various advertising, branding, E-commerce and other business strategies to its clients on an international basis including within the Commonwealth of Massachusetts.

5. Defendant, Gap, Inc. ("GAP"), is a Delaware corporation duly authorized by law having a principal place of business at 2 Folsom Street, San Francisco, California 94105. At all times material hereto, Gap, Inc. has been an international fashion retailer which operates GAP stores in many countries including numerous stores in the Commonwealth of Massachusetts.

6. This case arises in part under the Copyright Laws of the United States, 17 U.S.C. §101 et seq.  This Court has subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §1338(a) and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. §1367.   Proper venue for this action exists under 28 U.S.C. §1400(a).

## Background

7. Over a period of years, MacLean submitted certain of his commercial and fine art photographs to Trunk to be part of Trunk's archive of photographs available for use by advertising and marketing agencies and other similar businesses.

8. One of the photographs that MacLean submitted to Trunk was an aerial view of surfers on or near a breaking wave.  The photograph was taken at Sunset Beach in Oahu, Hawaii. A copy of this image hereinafter referred to as either the "Photograph" or the "Surfing Photograph" appears below and is incorporated herein by reference.



9.      The Surfing Photograph is one of MacLean's more popular images.  The Photograph is included in one of MacLean's five books, and it is also available through a number of art galleries as a limited edition fine art print.  MacLean has sold numerous copies of the Surfing Photograph as a fine art print and it was recently exhibited at the Peabody Essex Museum, a major Massachusetts art museum.

10.     MacLean is the author of the Surfing Photograph and he has at all times owned and continues to own all of the rights to the Photograph including the copyright thereto.  The Photograph is registered with the U.S. Copyright Office under Copyright Registration Number

1359753, effective November 20, 2006.  Relevant Copyright Registration information is attached to this Complaint as "Exhibit A" and is incorporated herein by reference.

11. In or around 2015, Wednesday was commissioned by GAP to create what Wednesday refers to as a bold and memorable integrated campaign supporting GAP's new "1969" denim collection.

12. Pursuant to said commission, Wednesday contacted Trunk in or around October 2015, to see if Trunk had any photographs in its archives that Wednesday could use in the advertising and marketing campaign it was preparing for GAP.

13. After considering a number of photographs, Wednesday informed Trunk that it wanted to use MacLean's Surfing Photograph for the GAP campaign.

14. At various times in November 2015, Trunk and Wednesday exchanged a series of emails regarding the Photograph and its use in the GAP campaign.  MacLean informed Trunk that before he would authorize Wednesday to use the Photograph, he needed more information about the scope and manner of the intended uses and the amount of licensing fees that Trunk was going to charge.

15. Trunk informed Wednesday of MacLean's request, whereupon Wednesday supplied Trunk with a layout showing the Photograph juxtaposed with a picture of a model and overlaid with the words, "1969/New Generation/GAP."  Wednesday informed Trunk that it was going to use the Photograph on billboards for one year on behalf of GAP as shown on the layout.  MacLean was supplied with a copy of the layout and he was told by Trunk that the licensing fee was $25,000 for use on billboards for one year.



16.  MacLean authorized Trunk to license the Photograph to Wednesday for use by GAP based on the layout that Wednesday sent to Trunk and Trunk's representation to MacLean that GAP was going to use the Surfing Photograph for one year on billboards only, as shown in the layout, for a licensing fee of $25,000.

17.  On or about March 17, 2016, MacLean became aware through his London art gallery that the Photograph was being used by GAP far more extensively than MacLean was told it was going to be used, and far more extensively than he had authorized Trunk to allow Wednesday and GAP to use the Photograph.  MacLean promptly contacted Trunk to express his outrage.

## Count I
### (MacLean v. Trunk - Copyright Infringement)

18.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 17 hereof, as if said Paragraphs were restated in full.

19. Without MacLean's knowledge, permission or authority, Trunk sent Wednesday a licensing agreement permitting Wednesday to use the Surfing Photograph in GAP's advertising and marketing campaign far more extensively than the proposed use on billboards for one year. The License Agreement gave Wednesday virtually unfettered advertising and promotional use of the Photograph by GAP including but not limited to use in any and all print media, use in all stores, use on the Internet and in all social networking media, use in all "new media" such as podcasts, mobile phones and devices, use for non-broadcast public purposes such as cinema, Jumbotrons, LED screens and outdoor stadiums, and public relations and non-commercial corporate uses, all as shown in the License Agreement from Trunk to Wednesday, a copy of which is attached hereto as "Exhibit B" and which is incorporated herein by reference.

20. Trunk knew that MacLean had authorized Trunk to grant only limited use of the Surfing Photograph by Wednesday and GAP. Trunk acted with reckless disregard of MacLean's rights and violated his copyright to the Photograph by licensing the Photograph to Wednesday for more extensive use by Wednesday and GAP than MacLean had authorized Trunk to allow.

21. Wednesday and GAP used the Surfing Photograph extensively including, for example, as large framed prints in stores, in print media and on the Internet, with and without being juxtaposed with the photograph of a model and both with and without the words, "1969/New Generation/GAP" overlaid onto the Photograph.

22. As a result of Trunk's actions, MacLean's rights under the Copyright Act, Title 17 U.S.C. §101 et seq. have been violated for which MacLean is entitled to his damages and attorneys' fees under Sections 504 and 505 of the Act.

## Count II
### (MacLean v. Trunk - Breach of Contract)

23. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 17 hereof, as if said Paragraphs were restated in full.

24. Without MacLean's knowledge, permission or authority, and without reference to the layout that Wednesday sent to Trunk, Trunk sent Wednesday a licensing agreement permitting Wednesday to use the Surfing Photograph in GAP's advertising and marketing campaign far more extensively than just for billboard use for one year.  The License Agreement gave Wednesday virtually unfettered advertising and promotional use of the Photograph by GAP including but not limited to use in any and all print media, use in all stores, use on the Internet and in all social networking media, use in all "new media" such as podcasts, mobile phones and devices, use for non-broadcast public purposes such as cinema, Jumbotrons, LED screens and outdoor stadiums, and public relations and non-commercial corporate uses, all as shown in the License Agreement from Trunk to Wednesday, a copy of which is attached hereto as "Exhibit B" and which is incorporated herein by reference.

25. Wednesday and GAP used the Surfing Photograph extensively, including as framed prints in stores, in print media, and on the Internet, with and without being juxtaposed with a photograph of a model and both with and without the words, "1969/New Generation/GAP" overlaid onto the Photograph.

26. Trunk breached its agreement with MacLean by licensing the Photograph to Wednesday for use by GAP far more extensively than MacLean had authorized Trunk to allow, and given the extent to which the Photograph was used, for licensing fees far below what should have been charged for the uses made of the Photograph.

27.     As a result, Trunk breached its duty to properly represent and protect MacLean's interests and his rights in and to the Surfing Photograph.  Trunk further breached its duty to MacLean by failing to consult with MacLean concerning such enlarged use and failing to negotiate a much higher fee with Wednesday once Trunk realized the enlarged scope of the use of the Photograph.  Trunk additionally compromised MacLean's reputation with his art galleries and his reputation with collectors as a fine art photographer, and has greatly diminished the value of fine art prints of the Photograph that were sold to collectors by his galleries, all to MacLean's great damage.

**Count III**
**(MacLean v. Trunk – Breach of Contract)**

28.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 17 hereof, as if said Paragraphs were restated in full.

29.     Trunk and MacLean agreed that Trunk and MacLean would evenly split all licensing fees that were collected whenever any of MacLean's photographs were licensed by Trunk for use by any of its clients.

30.     Trunk licensed the Surfing Photograph to Wednesday for use by GAP and it charged Wednesday a licensing fee of $27,000 for the use of the image.

31.     Wednesday paid the licensing fee of $27,000 to Trunk.  MacLean's one-half share of the licensing fee should have been $13,500, but Trunk breached its agreement with MacLean and remitted only $12,500 to Plaintiff.

32.     As a result, Trunk owes MacLean an additional $1,000 as MacLean's 50% share of the licensing fees paid by Wednesday for the use of the Photograph.

## Count IV
### (MacLean v. Trunk – Fraud and Misrepresentation – Violation of M.G.L. c. 93A)

33. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 17 hereof, as if said Paragraphs were restated in full.

34. Trunk and MacLean agreed that they would evenly split all licensing fees that Trunk collected whenever any of MacLean's photographs were licensed by Trunk for use by any of its clients.

35. Trunk licensed the Surfing Photograph to Wednesday for use by GAP and charged Wednesday a licensing fee of $27,000 for its use.

36. Wednesday paid the licensing fee of $27,000 to Trunk. MacLean's share of the licensing fee should have been $13,500, but Trunk falsely and fraudulently represented the amount that Wednesday paid and Trunk remitted only $12,500 to MacLean, as a result of which Trunk owes MacLean an additional $1,000 as MacLean's 50% share of the licensing fees paid to date by Wednesday.

37. Trunk's conduct in underpaying MacLean for his one-half share of collected licensing fees is a violation of the Massachusetts Consumer Protection Act, M.G.L c. 93A, Section 11, for which MacLean is entitled to triple but no less than double his damages plus attorney's fees and costs.

## Count V
### (MacLean v. Wednesday- Copyright Infringement)

38. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 17 hereof, as if said Paragraphs were restated in full.

39. Wednesday acted with reckless disregard of MacLean's copyright to the Photograph in one or more of the following ways:

a.) by using the Photograph for GAP's advertising and marketing campaign far more extensively than it had represented to Trunk that the Photograph was going to be used;

b.) by using and permitting GAP to use the Photograph as framed, stand-alone display art without an adjacent picture of a model and without the words, "1969/New Generation/GAP" overlaid onto the Photograph;

c.) by cropping the Photograph and by electronically altering it by "moving" one of the surfers from the bottom left of the Photograph to another location on the bottom middle of the image;

d.) by using the Surfing Photograph on Wednesday's own website for its own self-promotional advertising and publicity purposes without MacLean's permission or authority, and by posting the Photograph on various social media sites such as Instagram, for Wednesday's sole benefit.

40. As a result of Wednesday's conduct, MacLean's rights under the Copyright Act, Title 17 U.S.C. § 101 et seq. have been violated for which MacLean is entitled to damages and attorney's fees under Sections 504 and 505 of the Act.

## Count VI
### (MacLean v. GAP- Copyright Infringement)

41. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 17 hereof, as if said Paragraphs were restated in full.

42. GAP violated MacLean's copyright to the Photograph by using the Surfing Photograph in one or more of the following ways:

a.) by using the Photograph far more extensively than its agent, Wednesday informed Trunk that it was going to be used;

b.) by using the Photograph as framed, stand-alone display art without an adjacent picture of a model and without the words, "1969/New Generation/GAP" overlaid onto the Photograph;

c.) by cropping the Photograph and by electronically altering it by "moving" one of the surfers from the bottom left of the Photograph to another location on the bottom middle of the image.

43. As a result, GAP violated MacLean's rights under the Copyright Act, Title 17 U.S.C. § 101 et seq. for which MacLean is entitled to damages and attorney's fees under Sections 504 and 505 of the Act.

### Prayers for Relief

**WHEREFORE**, Plaintiff, Alex S. MacLean, requests this Court to enter judgment in his favor against Defendants, Great Bowery, Inc. doing business as Trunk Archive ("Trunk"), Wednesday Agency Group Limited ("Wednesday"), and Gap, Inc. ("GAP"), and grant the following relief:

a. That Wednesday be required to deliver to Plaintiff or destroy all infringing copies of MacLean's Photograph in all forms that are in Wednesday's possession or under its control and deliver up for destruction all infringing copies of the Surfing Photograph and all other photographs, copies, negatives, positives, transparencies, prints, video tapes, film, electronic copies, electronic scans, hard drives, CD-ROMs, DVDs and any other materials used for displaying, storing, transmitting or making copies of the Photograph, and to purge the Photograph from the Internet and from all social media sites where Wednesday used or posted the Photograph;

b.  That GAP be required to deliver to Plaintiff or destroy all infringing uses of MacLean's Photograph in all forms that are in GAP's possession or under its control and deliver up for destruction all infringing copies of the Surfing Photograph and all other photographs, copies, negatives, positives, transparencies, prints, video tapes, film, electronic copies, electronic scans, hard drives, CD-ROMs, DVDs and any other materials used for displaying, storing, transmitting or making copies of the Photograph, and to purge the Photograph from the Internet and from all social media sites where GAP posted the Photograph;

c.  That under Count I, Trunk be required to pay to MacLean such actual damages as MacLean has sustained because of Defendants' infringement of MacLean's copyright to the Surfing Photograph and to account for all gains, profits, and advantages derived by Trunk from its use of the Photograph;

d.  That under Counts II and III, Trunk pay to MacLean such damages as MacLean has sustained as a result of Trunk's breach of contract;

e.  That under Count IV, Trunk pay to MacLean such damages as MacLean has sustained because of Trunk's violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, Section 11, and that said sum be tripled but not less than doubled in accordance with said statute;

f.  That under Count V, Wednesday pay to MacLean such actual damages as MacLean has sustained because of Wednesday's infringement of MacLean's copyright to the Surfing Photograph and to account for all gains, profits, and advantages derived by Wednesday from its use of the Photograph;

  g. That under Count VI, GAP be ordered to pay to MacLean such actual damages as MacLean has sustained because of GAP's infringement of MacLean's copyright to the Surfing Photograph and to account for all gains, profits, and advantages derived by GAP from its use of MacLean's Photograph;

  h. That Trunk, Wednesday and GAP be ordered to pay to MacLean statutory damages under the Copyright Act in an amount which appears to the Court to be just, in a sum not less than $750 nor more than $30,000, or if the Court finds that the infringement was committed willfully, such statutory damages as to the Court shall appear just within the provisions of the Copyright Act in a sum up to and including $150,000;

  i. That Defendants, Trunk, Wednesday and GAP be ordered to pay to MacLean, his costs of this Action together with reasonable attorneys' fees in an amount to be determined by this Court;

  j. That MacLean have such other and further relief as is deemed just and proper by this Court.

## PLAINTIFF CLAIMS TRIAL BY JURY

        Alex S. MacLean,
        By his attorney,

June 12, 2017       s/ *Andrew D. Epstein*

        _____
        Andrew D. Epstein, Esquire
        BBO #155140
        Barker, Epstein, & Loscocco
        10 Winthrop Square
        Boston, MA 02110
        (617) 482-4900
        FAX: (617) 426-5251
        Email: Photolaw@aol.com